PER CURIAM.
The Department of Children & Family Services (DCF) seeks emergency certiora-ri review of the trial court’s order that refused to authorize a medical procedure. L.B. was declared dependent and is currently in foster care. In its motion, DCF asked for a court order to allow her to “have surgery to remove a cyst located under her chin.”
DCF takes the position that a court order is needed under the relevant statutes because surgery is involved, and L.B.’s physician will not perform the surgery without a court order. However, the trial court ruled that a court order is not needed because, under the relevant statutes, DCF, as the legal custodian, is already authorized to consent to the surgery on L.B.’s behalf.
Under section 39.01(70), Florida Statutes (2001), DCF has “the right ... to provide the child with ... ordinary medical ... care .... ” (emphasis added.) Further, section 39.407(13) states, “Nothing in this section alters the authority of the department to consent to medical treatment for a dependent child.... ”
The dispositive issue in the instant case is whether the “ordinary medical ... care” referenced in section 39.01(70), and the “medical treatment” referenced in section 39.407(13), include surgery. These terms are not defined in Chapter 39.
In construing the terms “ordinary medical ... care” and “medical treatment” in Chapter 39, it makes sense to look to section 743.0645(l)(b) and read the two chapters together because Chapter 743 makes reference to Chapter 39, and in turn, Chapter 39 makes reference to Chapter 743. See M.W. v. Davis, 756 So.2d 90, 101 (Fla.2000), quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992) (citations omitted) (basic rule of statutory construction requires that “all parts of a statute must be read together in order to achieve a consistent whole. Where possible, courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another.”)
Section 743.0645(l)(b), which deals with persons who may consent to medical care of a minor states:
“Medical care and treatment” includes ordinary and necessary medical and dental examination and treatment, including blood testing, preventive care including ordinary immunizations, tuberculin testing, and well-child care, but does not include surgery, general anesthesia, provision of psychotropic medications, or other extraordinary procedures for which a separate court order, power of attorney, or informed consent as provided by law is required.
Section 743.0645(l)(b) specifically excludes surgery from the definition of “medical *832 care and treatment.” As section 39.01(33) and section 39.01(70) both concern “ordinary medical .... care,” and section 39.407(13) concerns “medical treatment,” it is logical to conclude that surgery is excluded from the definition of “ordinary medical care” and “medical treatment.”
The provisions in Chapter 39 are silent on the subject of surgery. Section 743.0645(l)(b) is consistent with Chapter 39 in deeming “medical care and treatment” as ordinary, but then draws the distinction between ordinary and extraordinary that was only implicit in Chapter 39 by explicitly placing “medical care and treatment” in the former category and surgery in the latter.
A routine medical examination is one thing, but surgery is another altogether, as it is much more inherently invasive by nature. Certainly, it is not “ordinary” in nature. In fact, as indicated, section 743.0645(l)(b) explicitly deems surgery to be “extraordinary.” And while the surgery at issue in the instant case is perhaps relatively minor in nature, the statute (wisely) does not attempt to make distinctions among the almost endless different types of surgical procedures.
Accordingly, we grant the petition for writ of certiorari and remand to the trial court to immediately enter an order which authorizes DCF to consent to the surgical procedure.
PETITION GRANTED; REMANDED.
PLEUS, PALMER and ORFINGER, R.B., JJ., concur.